Ronald Lee WASHINGTON,
Plaintiff–Appellant,

v.

Chris ANDERSON; Clark County Department of Aviation; Scott Jones; Randall Walker; Harry Waters, Defendants–Appellees.

No. 05–17156.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 17, 2007.*

Filed Oct. 26, 2007.

Dan M. Winder, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Mark J. Ricciardi, Esq., Shaun P. Haley, Fisher & Phillips LLP, Las Vegas, NV, for Defendants–Appellees.

Before: BEEZER, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Ronald Washington appeals the district court's order granting summary judgment

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

against him based on his failure to satisfy Title VII's filing requirements and his failure to establish a prima facie case of retaliation. We review de novo, *Qwest Commc'ns., Inc. v. City of Berkeley*, 433 F.3d 1253, 1256 (9th Cir.2006), and affirm. The parties are familiar with the facts and we do not repeat them here.

Title VII bars a plaintiff's retaliation claim unless the plaintiff files a charge of retaliation with the Equal Employment Opportunity Commission within 180 days after the alleged unlawful employment practice occurs, or with a state agency having authority to seek relief from unlawful employment practices within 300 days after the alleged unlawful employment practice occurs. 42 U.S.C. § 2000e–5(e)(1). Washington alleged five discrete retaliation claims. He timely filed charges with the Nevada Equal Rights Commission relating to only three of his five claims: (1) failure to hire on May 22, 2001; (2) failure to hire sometime in June 2001; and (3) release of personnel information on October 31, 2002. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act.").

■ With respect to Washington's untimely claims, his three equitable arguments for tolling the limitations period fail. First, participation in a grievance procedure does not toll the filing period. *Int'l Union of Elec. Workers Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 236, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). Second, earlier charges filed with the Commission do not inherently include related, subsequent adverse actions. *Morgan*, 536 U.S. at 113, 122 S.Ct. 2061 ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."). Finally, there is no evidence that the Commission

amended Washington's charge or represented to Washington that it would amend his charge. *Cf. Josephs v. Pac. Bell*, 443 F.3d 1050, 1054 (9th Cir.2006) (tolling filing period when Commission misled *pro se* plaintiff).

■ With respect to Washington's timely claims, he failed to carry his burden under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). He failed to set forth a prima facie case of retaliation because he did not provide sufficient evidence of causation. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir.2003) (restating elements for prima facie case of retaliation). He failed to show that the defendants knew of his protected activity. *Id.* (holding employer's knowledge of protected activity necessary for causation). In light of the significant time lapse between his protected activity and the adverse action, he also failed to raise an inference of retaliatory motive. *See, e.g., Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1035 (9th Cir.2006) (holding eight month gap insufficient to support an inference of retaliatory motive under facts presented); *Vasquez v. County of L.A.*, 349 F.3d 634, 647 (9th Cir.2003) (holding thirteen month gap insufficient to support an inference of retaliatory motive under facts presented).

**AFFIRMED.**